**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| In re the Chapter 11 of ) | |
| ) | |
| SVT Masters Corporation ) | No. 15-14397 |
| ) | |
| Debtor(s). ) | |

## NOTICE OF MOTION

     PLEASE TAKE NOTICE, that on May 5, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Barnes, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 613 of the Everett McKinley Dirksen Federal Building at 219 South Dearborn Street, Chicago, Illinois and at that time and place we shall present the Debtor's **Motion For Entry of Interim Order Authorizing Use of Cash Collateral**, a copy of which is included herewith and served upon you, at which time and place you may appear.

Dated: April 28, 2015Respectfully submitted,

SVT Masters Corporation

By: /s/ Ben Schneider
One of its Attorneys




Respectfully Submitted
SVT Masters Corporation


/s/Ben Schneider
One of its Attorneys




Ben Schneider
8424 Skokie Blvd.
Suite 200
Skokie, IL 60077
ARDC # 6295667
Phone: 847-933-0300

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| In re the Chapter 11 of | ) |
| | ) |
| SVT Masters Corporation | )   No. 15-14397 |
| | ) |
| Debtor(s). | ) |

## MOTION FOR ENTRY OF INTERIM ORDER AUTHORIZING USE OF CASH COLATERAL

Pursuant to Fed. R. Bank. P. 4001 and 11 U.S.C. §§ 363(c) and 361, SVT Masters Corporation, (the "Debtor"), debtor and debtor-in-possession in the captioned Chapter 11 case, hereby moves the Court for entry of an interim order, substantially in the form of that submitted herewith, (the "Proposed Order"), authorizing the Debtor to use cash collateral to pay post-petition necessary operating expenses in accordance with the Budget appended to the Proposed Order. In support of such relief, the Debtor states as follows:

### Background

1. On April 22, 2015 the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, *as amended* (the "*Bankruptcy Code*"). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and is operating as a debtor- in-possession.

2. The Debtor is an Illinois Corporation with its principal place of business at 2755 W. 87th St., Evergreen Park, IL 60806, (the "Property"). The Debtor owns and operates a gas station out of the Property.

3. The Debtor has an operating account with PNC Bank necessary for its day to day operations.

4. The Debtor currently owes approximately $900,000 to the Bank of New York Melon, (the "Bank"), who has the first lien on all of the Debtor's assets and receivables. (See UCC Statement attached as Exhibit A).

5. The Debtor projects that it is currently in a position to have an effective reorganization as long as it has use of cash collateral.

### Relief Requested and the Grounds Therefor

6. Pursuant to Section 363, cash collateral is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . ."

7. Section 363(c)(2) provides that a debtor must obtain consent from its secured creditor or court authorization prior to the use of cash collateral. Section 363(e) further provides that a court shall prohibit or condition such "use [of cash collateral] as is necessary to provide adequate protection of [the secured lender's] interest." 11 U.S.C. § 363(c)(2).

<u>Secured Claim of the Bank of New York Melon Will Remain Secured</u>

8. Concurrent with this Motion, the Debtor has filed a Motion for Sale of the Property to RSH Real Estate, LLC, (the "Buyer").

9. The Buyer intends to purchase the Property and use is as a gas station as well. Because the sale of the Property will not happen immediately, the Debtor intends to keep the asset from losing value by continuing operations until the sale is approved.

10. In fact, if the Debtor was not permitted to use cash collateral to keep the business operational until the sale of the Property, the gas station would simply sit vacant until the sale. It is likely that if the Property is vacant for any period of time it would be subject to damage from

lack of maintenance of the facilities. This would substantially reduce the value of the Property likely resulting in a lower sale price.

11. The attached budget for the first quarter of 2015 shows that the Debtor is able to operate its business while maintaining the value of the collateral. (See Budget attached as Exhibit B). The Debtor is proposes that the attached Budget is prospective of the second quarter of 2015 and is willing to commit to it until the Property is sold. Allowing the Debtor to use cash collateral until the sale of the Property provides adequate protection to the Bank as it keeps all of the Bank's collateral from losing value.

12. Pursuant to Section 363(c)(2), the Debtor has the right to use cash collateral because the Bank's interest in the Debtor's property is not materially declining in value and it is adequately protected.

13. The purpose of adequate protection "is to insure that the creditor receives the value for which he bargained pre bankruptcy." *See In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987); H.R. Rep. No. 595, 95th Cong., 1st Sess. 339 (1977), reprinted in 1978 U.S. Code Cong. & Admin. News, p. 6295. If a creditor's interest in a debtor's property is not declining in value, the creditor is not entitled to adequate protection. *Federal Nat'l Mortgage Ass'n v. Dacon Bolingbrook Assocs. Ltd. Partnership*, 153 B.R. 204, 209 (N.D. Ill. 1993) ("[T]he Debtor must provide adequate protection only to the extent the value of Fannie Mae's collateral is declining.").

The Debtor Should Be Authorized To Use Cash On An Interim Basis

14. If the Debtor is not able to use cash collateral as provided herein, it will be unable to pay those expenses that must be paid in order to continue operations and avoid disruptions.

Such expenses mainly include, without limitation, utilities, monthly operating expenses, and post-petition vendor transactions. (See Exhibit B).

15. Accordingly, entry of the Proposed Order will avoid immediate and irreparable harm to, and is in the best interest of, the Debtor, its creditors and its estate.

16. The Debtor requests that the Court hold a preliminary hearing to consider the immediate entry of an interim order authorizing the use of cash collateral, retroactive to the Petition Date, to the extent necessary to avoid immediate and irreparable harm.

17. The Debtor further requests that the Court set a final hearing to consider the entry of a final cash collateral order.

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order granting the relief sought herein, and grant the Debtor such other and further relief as is just and proper.

Dated: April 28, 2015

Respectfully submitted,

SVT Masters Corporation

By: /s/ Ben Schneider
     One of its Attorneys

Ben Schneider
8424 Skokie Blvd.
Suite 200
Skokie, IL 60077
Office: 847-933-0300
Fax: 847-676-2676
ARDC #6295667